UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANNETT OTTO FERARY, | : | CIVIL ACTION NO. 2:22-cv-16 |
| Plaintiff, | : | |
| | : | **NOTICE OF REMOVAL** |
| vs. | : | |
| | : | **Removed from New Jersey Superior Court, Law Division, Essex County Docket No. ESX-L-1082-21** |
| STARBUCKS, | : | |
| | : | |
| Defendants. | : | **Document Filed Electronically** |
| | : | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, and improperly pled as "Starbucks" ("Removing Defendant"), hereby removes to this Court the above-captioned matter, which is pending in the Superior Court of New Jersey, Law Division, Essex County, under Docket No. ESX-L-1082-21. Removal is proper based on diversity jurisdiction as follows:

**A.     Background**

1.     On February 9, 2021, Plaintiff Annett Otto Ferary, a citizen of New Jersey, filed this personal injury action, designated Docket No. ESX-L-1082-21, in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, is the only defendant in this action. As Plaintiff is a citizen of the State of New Jersey and Removing Defendant Starbucks Corporation is a citizen of the State of Washington, complete diversity is present. A true and correct copy of the Complaint and Case Information Sheet in the State Court Action is attached hereto as *Exhibit A.*

2.     Plaintiff's Complaint alleges that on October 29, 2019, she suffered "severe and permanent" personal injuries due to a fall while entering a "Starbucks" store located in

Montclair, New Jersey. Plaintiff alleges substantial injuries for which she seeks a variety of damages. *See* Complaint at ¶¶ 1-3.

3. Copies of the Summons and Complaint were served on the Removing Defendant on December 3, 2021, by acknowledgement of service executed by the undersigned counsel for Starbucks.

4. Pursuant to 28 U.S.C. § 1446(a), the Removing Defendant has attached true and correct copies of "all process, pleadings, and orders served" upon the Removing Defendant in the State Court Action as *Exhibit B*.

5. Pursuant to 28 U.S.C. § 1447(b), the Removing Defendant has attached true and correct copies of "all records and proceedings" in the State Court Action relevant to this removal application, as *Exhibits A and B.*

6. Pursuant to 28 U.S.C. § 1446(b), this Notice must be filed within thirty (30) days of the Removing Defendant's receipt of service of the Summons and Complaint, or by January 3, 2022. As this Notice is being filed on January 3, 2022, this removal is timely as Removing Defendant was not properly served until December 3, 2021 (*i.e.*, by its acknowledgment of service).

7. The time for the Removing Defendant to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court, Law Division, Essex County and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Essex County is attached hereto as *Exhibit C*.

9. By filing a Notice of Removal in this matter, the Removing Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Removing Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled, including but not limited to, the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

**B.    Diversity of Citizenship**

11. Upon information and belief, at the time this action was filed and at all times since, Plaintiff was and is a citizen of New Jersey. *See* introductory paragraph of Plaintiff's Complaint, attached as *Exhibit A*.

12. Removing Defendant Starbucks Corporation, doing business as Starbucks Coffee Company, is incorporated in and has its principal place of business in the State of Washington.

13. Accordingly, complete diversity exists in this action.

**C.    The Amount in Controversy Exceeds $75,000**

14. On the face of the Complaint, the $75,000 amount-in-controversy requirement is satisfied. *See* 28 U.S.C. §§ 1332(a). As the Supreme Court has clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a <u>plausible</u> allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Here, it is apparent from the face of the Complaint, and the nature of the injuries alleged, that the amount in controversy in this action exceeds $75,000.[1]  Plaintiff claims she suffered "severe and permanent injuries" and "will continue in the future to sustain pain, suffering, and disability."  *See* Exhibit A ¶ 3.  Plaintiff seeks a "judgment against defendant" for "damages, interest and costs of suit," all of which are properly included in the amount in controversy.  *See id.,* unnumbered "Wherefore" paragraph at the end of Count One.  Where, as here, Plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions, courts have readily found that the amount-in-controversy requirement is satisfied.  *See Montilus v. Munoz*, Civil Action No. 09–4143 (SRC), 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009); *Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Kolokowski v. Crown Equip. Corp.*, Civil Action No. 05-4257, 2005 WL 3320777, at *3 (D.N.J. Dec. 6, 2005).)  Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

WHEREFORE, Removing Defendant respectfully removes this action to this Court from the Superior Court of New Jersey, Law Division, Essex County, pursuant to 28 U.S.C. § 1441.

DATED:  January 3, 2022

---

[1] Removing Defendant does not, however, concede that Plaintiff would be entitled to any of the relief sought in the Complaint.  (*See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far").  Here, Removing Defendant specifically denies that Plaintiff is entitled to recover any damages.

                Respectfully submitted,

By:   *s/ Joshua H. Abramson*
       Joshua H. Abramson (JA 9762)
       PORZIO, BROMBERG & NEWMAN, P.C.
       100 Southgate Parkway
       P.O. Box 1997
       Morristown, NJ 07962-1997
       Tel.: (973) 538-4006
       Fax: (973) 538-5146
       jhabramson@pbnlaw.com

       *Attorneys for Defendant Starbucks Corporation*

6671694

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon counsel for Plaintiff, by electronic mail and regular mail, addressed as follows:

Robert M. Rich, Esq.
25 Pompton Avenue
Verona, NJ  07044
rrlaw@aol.com
*Attorneys for Plaintiff*

                                                                        /s/ *Joshua H. Abramson*
                                           Joshua H. Abramson (JA 9762)
                                           PORZIO, BROMBERG & NEWMAN, P.C.
                                           100 Southgate Parkway
                                           P.O. Box 1997
                                           Morristown, NJ 07962-1997
                                           Tel.: (973) 538-4006
                                           Fax: (973) 538-5146
                                           jhabramson@pbnlaw.com

                                           *Attorneys for Defendant Starbucks Corporation*

Dated: January 3, 2022

6671694